

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2008

# Stanley v. Hogsten

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3940

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Stanley v. Hogsten" (2008). *2008 Decisions.* Paper 1251.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1251

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3940

DARNELL STANLEY,
                              Appellant

v.

KAREN F. HOGSTEN, Warden;
NANCY GOLDY; R. ENDERS; J. ZIELINSKI

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 06-cv-01744)
District Judge:  Honorable Yvette Kane

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2008

Before: AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 8, 2008)

OPINION

PER CURIAM

Appellant Darnell Stanley, an inmate currently incarcerated at the Federal

Correctional Institution at Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania,

appeals the denial of his petition for a writ of mandamus.  For the following reasons, we

will affirm.

Stanley was sentenced in the Superior Court of the District of Columbia and subsequently transferred to the custody of the Bureau of Prisons ("BOP") pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11201, 111 Stat. 251, 734.  In August 2006, Stanley requested that the District of Columbia criminal procedure and court rules be provided and maintained in the law library.  Stanley was informed that the prison law library was not required to provide this publication, but that he could purchase the publication on his own, request it from the Lewisburg Prison Project, or request it from the Senate Printing and Document Services office.

In September 2006, Stanley filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 in the District Court requesting the court to order the respondents to provide a copy of the "District of Columbia Official Code 2001 Edition for the [Superior Court – Criminal Procedure Court] 'Rules' Preliminary Proceedings . . . ."  Stanley contended that he was working on a petition for a writ of certiorari and needed this publication for this petition.  Stanley further contended that withholding this publication violated his constitutional right of access to the courts.  The appellees responded to the petition and argued that it should be denied because they had no clear duty to act under the applicable BOP regulations and because Stanley had other adequate remedies available to him.

The District Court denied the petition, holding that Stanley had not shown that

there was no other means by which he could obtain the desired relief. The District Court further held that Stanley did not have a clear and indisputable right to receive the materials from the respondents because, under the applicable BOP regulations, that responsibility belonged to the District of Columbia. This timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. We review a court's mandamus decision for abuse of discretion, but we review non-discretionary elements de novo. Stehney v. Perry, 101 F.3d 925, 929 (3d Cir. 1996). Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984) (discussing the common-law writ of mandamus, as codified in 28 U.S.C. § 1361). See also Stehney, 101 F.3d at 934 (mandamus relief is a drastic remedy only to be invoked in extraordinary circumstances).

Stanley has not demonstrated that the drastic remedy of mandamus relief is appropriate here. Stanley clearly has alternative means to obtain the relief sought. For instance, he could pursue a civil action for declaratory or injunctive relief against the appellees. Because Stanley has other potential avenues of relief available to him, we need not address whether he has a clear and indisputable right to the relief sought.

In light of the foregoing, we conclude that the District Court did not abuse its discretion in denying Stanley's mandamus petition, and we will affirm the judgment of

the District Court.[1]

---

[1] Stanley's motion to supplement the record is denied.